SOPHIA HEIBERGER et al., as Executors of WILLIAM
  HEIBERGER, Deceased, Respondents, *v.* BENZION
  KARFIOL, Appellant.

**Vendor and purchaser — action to enforce specific performance of
  contract to purchase real estate — marketable title.**

Where the record of a lost deed fails to show the name of the
grantee, but the record of a purchase-money mortgage of even date
shows that it was given by one therein named as the grantee of the
same premises described in the deed, and the record also shows the
later satisfaction and discharge of such mortgage by the grantor
named in the deed as it is recorded, such grantor or those claiming
under him are estopped from asserting that he had not conveyed
the property, and no reasonable doubt is raised which renders the
title unmarketable or affects its value.

*Heiberger* v. *Karfiol*, 134 App. Div. 935, affirmed.

(Submitted June 8, 1911; decided June 16, 1911.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered October 12, 1909, affirming a judgment in favor
of plaintiffs entered upon a decision of the court on trial
at Special Term.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*Herman S. Bachrach* and *C. G. Bachrach* for appel-
lant. The omission of the name of the grantee from the
deed of Marvin Palmer rendered that deed ineffective and
void. (*Allen* v. *Withrow*, 110 U. S. 119; *Arguello* v.
*Bours*, 67 Cal. 447; *Hardin* v. *Hardin*, 32 S. C. 599;
*Mickey* v. *Barton*, 194 Ill. 446; *Clark* v. *Butts*, 73 Minn.
361.) A purchaser will not be required to take a title
which depends for its completeness upon parol evidence.
(*Irving* v. *Campbell*, 121 N. Y. 353; *Moore* v. *Williams*,
115 N. Y. 586; *Weinstein* v. *Weber*, 178 N. Y. 94; *Gor-
man* v. *Gorman*, 40 App. Div. 225; *M. L. Ins. Co.* v.
*Dake*, 87 N. Y. 257.) The purchaser of real property will
not be compelled to take title to property, the title to

which may be fairly questioned. If there is a defect in the title, such that a reasonable man would hesitate to take it, specific performance should not ' be decreed. (*Vought* v. *Williams,* 120 N. Y. 253; *McPherson* v. *Schade,* 149 N. Y. 16; *Brokaw* v. *Duffy,* 165 N. Y. 391; *Fowler* v. *Manheimer,* 70 App. Div. 56; 178 N. Y. 581; *Empire Co.* v. *Sayre,* 107 App. Div. 415.)

*Edward T. Horwill* for respondents. The unanimous affirmance by the Appellate Division settles the question of the marketability of this title. (*St. Stephen's Church* v. *Church of Transfiguration,* 201 N. Y. 1.) Defects in the record or paper title may be cured or removed by parol evidence. (*Hellreigel* v. *Manning,* 97 N. Y. 56; *Seymour* v. *De Lancey,* Hopk. 436; *Miller* v. *Macomb,* 26 Wend. 229; *Fagen* v. *Davison,* 2 Duer, 153; *Brooklyn Park Com.* v. *Armstrong,* 45 N. Y. 234; *Murray* v. *Harway,* 56 N. Y. 337; *Shriver* v. *Shriver,* 86 N. Y. 575; *Coleman* v. *Bruch,* 132 App. Div. 716.) To sustain a defense of defect of title in an action to compel the performance of a contract for the purchase of land, there must be at least a reasonable doubt as to the vendor's title, such as affects its value and would interfere with a sale of land to a reasonable purchaser. (*Hellreigel* v. *Manning,* 97 N. Y. 56.)

GRAY, J. The action was brought to compel the defendant specifically to perform a contract, in which he had agreed to purchase of the plaintiffs certain real property. The plaintiffs recovered a judgment, which the Appellate Division has affirmed. The one objection to the plaintiffs' title, which the defendant insists upon, in this court, is the omission of the name of a grantee in a deed from Marvin Palmer, in 1873; then the owner of the premises. This omission was not made to appear from the original deed, but from its record in the register's office. It was proved upon the trial that the deed was lost and could not be produced; but the trial court found

as a fact that, when delivered to the register for record, it contained the name of Patrick Newman, as grantee. Other facts found were that "the original indices of grantors and grantees in use, in 1873, refer to the name of Patrick Newman, as being the name, which was in the original deed," and that a purchase-money mortgage was given by Newman to Palmer, of the same date as the deed, which was recorded simultaneously with it and "refers to such deed as containing the name of Patrick Newman as grantee." This mortgage appears of record to have been satisfied and to have been discharged by Palmer within two years of its execution. The finding of the trial court, that the original deed contained the name of the grantee, when delivered for record, in view of the unanimous affirmance of the judgment by the Appellate Division, must be regarded as conclusive. But it is contended by the appellant that, as the judgment rests upon record evidence and the testimony of witnesses, however binding upon the parties to this action, it would not conclude the heirs of Palmer. It is argued, in his behalf, that a court of equity should not require a purchaser to take a title, which depends for its completeness upon parol evidence, and which may fairly be questioned thereafter. That is, doubtless, the rule and a purchaser will not be required to take a title which is so defective as that he may be left to defend his possession by litigation. If the fact were shown that the original deed from Palmer contained no name of a grantee, instead of the fact being that the register had been careless in recording it upon his books; if, even, the evidence to establish the fact of the grantee's name having been in the deed was so inconclusive as to leave room for reasonable doubt hereafter by Palmer's heirs, I should doubt the correctness and justice of this decree. That is not the case. The evidence of record is absolutely conclusive upon any one, who might claim under Palmer, upon the ground discussed. The record of the purchase-

money mortgage given by Newman to Palmer, reciting that it conveyed the same premises, which had been conveyed to him by Palmer by deed, etc., and that it was "to secure the payment of a part of the purchase money therefor," with the record of its later satisfaction and discharge by Palmer, would estop Palmer, or those claiming under him, from ever asserting that he had not conveyed the property.

In the case of *Hellreigel* v. *Manning,* (97 N. Y. 56), a similar action to this, in the chain of title, the defect alleged was that the records did not show that one Electa Wilds had conveyed the land. They showed that some years after she acquired it, one Electa Wilder had executed a deed, which was lost. The plaintiff gave evidence in support of his contention that there had been a mistake in the recording and succeeded in obtaining a decree for specific performance. In this court, there was an affirmance; Judge EARL, speaking for the court, after holding that the plaintiff proved conclusively that there was a mistake in the record, saying "the deed to Snashell, (from Electa Wilder), had been destroyed after the title had passed out of him; but the mortgage given back by him for purchase money was produced, and in that Electa Wilds was the mortgagee." (p. 59.)

In the present case, no defect was shown to have been in the deed; the claim is based upon an inference from the record, which the indices and the purchase-money mortgage disprove, conclusively, as to every one who might assert it. Therefore, the appeal must fail; for the reason that, though the appellant raised a doubt of the plaintiffs' title, it is shown not to be a reasonable doubt, which would render the title to the land unmarketable, or affect its value. The records, which furnished the ground for the doubt, furnish the enduring evidence to dispel it.

The judgment should be affirmed.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Judgment affirmed, with costs.